Baranovic v. Garland

BIA
Straus, IJ
A208 112 914/915/916/917

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand twenty-three.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

JAN BARANOVIC, ERIKA BARANOVICOVA, AKA ERICA BARANOVICOVA, JAN BARANOVIC, J.B.,
> *Petitioners,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

20-1478

NAC

**FOR PETITIONERS:**         Justin Conlon, Law Offices of Justin Conlon, Hartford, CT

**FOR RESPONDENT:**         Brian Boynton, Acting Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Giovanni B. Di Maggio, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jan Baranovic ("Jan Sr."), Erika Baranovicova, and their children Jan ("Jan Jr.") and J.B., natives and citizens of Slovakia, seek review of an April 13, 2020 decision of the BIA affirming an April 3, 2018 decision of an Immigration Judge ("IJ") denying their applications for asylum and withholding of removal.[1] *In re Jan Baranovic, Erika Baranovicova, Jan Baranovic, J.B.*, Nos. A 208 112 914/915/916/917 (B.I.A. Apr. 13, 2020), *aff'g* No. A 208 112 914/915/916/917 (Immig. Ct. Hartford Apr. 3, 2018).   We

---

[1] Petitioners have explicitly waived relief under the Convention Against Torture.

2

assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Petitioners sought asylum and withholding of removal based on the fact that Jan Jr. was targeted by a pedophile ring in Slovakia. They asserted that Jan Jr. had been persecuted in the past on account of his sexual orientation and membership in a particular social group of witnesses in criminal proceedings, that he had a well-founded fear of persecution on those grounds, and that the family would be targeted because of their relationship to him. Petitioners had the burden to show either past persecution or a well-founded fear of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3). "To qualify as persecution the

conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotation marks omitted).

As an initial matter, Jan Jr.'s parents and brother do not challenge in their brief to this Court the agency's conclusion that the family failed to meet its burden for asylum and withholding because they did not suffer past harm or establish a well-founded fear of future harm. They have therefore abandoned any challenge to the agency's conclusion that they failed to meet their burden of proof. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (deeming claims not discussed in brief abandoned). Moreover, the agency reasonably concluded that Petitioners failed to show that the government of Slovakia would be unable or unwilling to protect them from the pedophile ring. The record reflects that the men who targeted Jan Jr. found their underage victims, including Jan Jr., in a chat room and abused them by enticing them into sexual relationships and

4

soliciting explicit photographs. Slovak authorities investigated and convicted some abusers. Although Jan Jr. alleged that he subsequently received threatening texts, he did not change his phone number, close his chat room accounts, or report the texts to police. While Jan Sr. later informed an investigator of the messages, the investigator did not take any action because Jan Jr. was no longer under the age of consent. The investigator did warn the family about possible blackmail attempts, but no such attempts were made. While Jan Sr. testified that the government of Slovakia was not adequately investigating pedophiles, the authorities were investigating the ring before Jan Jr.'s abuse began, and they alerted Jan Jr.'s parents to what was happening. The 2016 State Department report on Slovakia notes official corruption and low trust in the judicial system, but it also notes that Slovakia has strict laws against sexual exploitation of children and prohibits discrimination based on sexual orientation. On this record, the agency reasonably concluded that Petitioners failed to show that authorities were unable or unwilling to protect them. *See Scarlett*, 957 F.3d at 328.

Petitioners argue that remand is warranted because *Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021), vacated prior decisions setting out a heightened standard for showing that the government was unable or unwilling to control private conduct. The vacatur does not merit remand in this case. First, the agency relied on authority pre-dating the vacated decisions in concluding that Petitioners failed to show that the government would be unable or unwilling to protect them. Second, the standard set out in the vacated cases was not a change from prior case law. *See Scarlett*, 957 F.3d at 333. And regardless of the applicable standard, the facts here show that the government did act to protect Jan Jr.

As the above-mentioned grounds are dispositive of Petitioners' asylum and withholding of removal claims, we need not reach the agency's findings related to Petitioners' proposed particular social groups or nexus to a protected ground, and remand for further consideration is not warranted. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review and motion to remand are DENIED.  All other pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court